[No. 58283-1.   En Banc.   September 10, 1992.]

TAZZALYN LEWIS, ET AL, *Appellants,* v. PETER
BOURS, *Respondent.*

*William A. Gaylord, Doris J. Brook,* and *Gaylord & Eyerman, P.C.; Scott J. Horenstein* and *Horenstein & Duggan, P.S.,* for appellants.

*Wood Tatum Wonacott & Landis,* by *Barbara H. Thompson,* for respondent.

BRACHTENBACH, J. — At issue is whether Washington has jurisdiction over the defendant, an Oregon resident, by virtue of the long-arm statute, RCW 4.28.185. We hold defendant's alleged negligence did not constitute a tort committed in Washington and therefore the long-arm statute does not confer jurisdiction over him. The trial court's grant of summary judgment in favor of the defendant is affirmed.

In 1982, plaintiff Jeanne Lewis,[1] a Washington resident, traveled to defendant Dr. Peter Bours' clinic in Forest Grove, Oregon, for prenatal care. Defendant is a physician licensed to practice medicine in Oregon and is an Oregon resident.

On January 19, 1983, plaintiff's daughter, Tazzalyn, was born at defendant's clinic. Plaintiff alleges in part as follows:

> Due to her condition at birth, Tazzalyn Lewis required the attention of a trained pediatrician or a neonatologist, hospital admission, and monitoring for signs or symptoms of neonatal disease for at least 24 hours.
>
> Defendant Bours discharged Plaintiff from his care at approximately three (3) hours of age, without arranging for or instructing Plaintiff's parents to seek immediate admission at a nearby hospital, without providing for immediate attention of a trained pediatrician, and without instructing Plaintiff's parents that Plaintiff was at high risk for neonatal distress.

Clerk's Papers, at 4.

---

[1] Plaintiff is acting on her own behalf and as guardian ad litem for her daughter, Tazzalyn.

However, defendant deemed Tazzalyn a medium risk. He released Tazzalyn and instructed plaintiff to take Tazzalyn to a doctor when they returned home.

On the way home, Tazzalyn stopped breathing near Woodland, Washington, on Interstate 5. Plaintiff did not seek immediate medical care but took Tazzalyn to a hospital in Longview, Washington, later that day. Clerk's Papers, at 90. When she arrived, Tazzalyn was apneic and suffered severe perinatal asphyxia. She was transferred to the Oregon Health Sciences University where it was discovered that Tazzalyn suffered from cardiomegaly, status epilepticus and possible cerebral necrosis. Plaintiff claims Tazzalyn suffers from irreversible brain damage, cortical blindness, and physical and mental developmental delays. Tazzalyn is currently institutionalized in Oregon.

On April 18, 1990, plaintiff filed suit claiming defendant's actions constituted a tort committed in Washington under RCW 4.28.185(1)(b). Defendant answered and raised the affirmative defense that the Washington trial court did not have jurisdiction over him. Defendant's motion for summary judgment was granted. This court accepted direct review.

■ ■ When reviewing an order of summary judgment, this court engages in the same inquiry as the trial court by determining if any genuine issue of material fact exists, and, if not, is the moving party entitled to judgment as a matter of law. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990). In so doing, "[t]he court must consider the facts in the light most favorable to the nonmoving party, and the motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion." *Marincovich*, at 274. Further, where the "underlying facts are undisputed, the trial court's assertion of personal jurisdiction is a question of law reviewable de novo." *MBM Fisheries, Inc. v. Bollinger Mach. Shop & Shipyard, Inc.*, 60 Wn. App. 414, 418, 804 P.2d 627 (1991).

670

■ In order for Washington courts to properly exercise jurisdiction under the long-arm statute, the defendant's conduct must be brought within the provisions of RCW 4.28-.185, and the exercise must not offend federal and state constitutional principles. *Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 756, 757 P.2d 933 (1988), *cert. denied*, 490 U.S. 1004 (1989).

RCW 4.28.185 provides in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> . . . .
>
> (b) The commission of a tortious act within this state;

RCW 4.28.185(1)(b).

For purposes of determining jurisdiction under the long-arm statute, the plaintiff need only show a prima facie case; the underlying action of "[w]hether a 'tortious act' was actually committed" must be determined by the trier of fact. *Smith v. York Food Mach. Co.*, 81 Wn.2d 719, 722, 504 P.2d 782 (1972). For this purpose alone, a court must treat the allegations in the complaint as established. *MBM Fisheries, Inc.*, at 418.

Generally, "when an injury occurs in Washington, it is an inseparable part of the 'tortious act' and that act is deemed to have occurred in this state for purposes of the long-arm statute." *Grange*, at 757; *Smith*, at 722; 14 L. Orland & K. Tegland, Wash. Prac., *Trial Practice* § 18, at 46-51 (4th ed. 1986). Plaintiff claims that since Tazzalyn's injuries manifested themselves in Washington, the injury "occurred" in Washington, and, therefore, defendant committed a tortious act in this state. Defendant argues any alleged acts of negligence on his part affected Tazzalyn before she entered Washington and as a result, he did not commit a tortious act here.

The question whether an act of alleged professional malpractice which occurred out-of-state constitutes a tort com-

mitted in this state when the injuries are manifested here has not been addressed by this court. *Hogan v. Johnson*, 39 Wn. App. 96, 101-02, 692 P.2d 198 (1984). "[W]here malpractice is the underlying tort, there is no judicial consensus as to whether the in-state effects of an out-of-state malpractice act constitute an in-state 'tortious act.' " *Hogan*, at 101. As stated above, when injury occurs in Washington, it is an inseparable part of the tortious act and that act is deemed to have occurred in this state for purposes of the long-arm statute. This rule was first established in *Nixon v. Cohn*, 62 Wn.2d 987, 995, 385 P.2d 305 (1963), in which this court adopted Restatement of Conflict of Laws § 377 (1934).

> "The place of the wrong is in the state where the last event necessary to make an actor liable for an alleged tort takes place.

The *Nixon* court relied on *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill. 2d 432, 176 N.E.2d 761 (1961), an Illinois case which adopted § 377 of the Restatement in interpreting the Illinois long-arm statute.[2] *Nixon*, at 995-97. In *Gray*, the plaintiff was injured when a water heater exploded in Illinois. The water heater was manufactured by a Pennsylvania corporation in Ohio. The court reasoned:

> We think it is clear that the alleged negligence in manufacturing the valve cannot be separated from the resulting injury; and that for present purposes, like those of liability and limitations, the tort was committed in Illinois.

*Gray*, at 435-36.

> [W]here a cause of action arises from alleged defects in [a] product, to say that the use of such products in the ordinary course of commerce is sufficient contact with this State to justify a requirement that [the defendant] defend here.

*Gray*, at 442.

However, the Illinois Supreme Court has not applied the *Gray* rationale to professional malpractice claims. *Yates v.*

---

[2]The Washington long-arm statute is virtually identical to the Illinois long-arm statute. *Compare* RCW 4.28.185(1)(b) *with* former Ill. Ann. Stat. ch. 110, § 17 (1959).

*Muir*, 112 Ill. 2d 205, 209-10, 492 N.E.2d 1267 (1986). The *Yates* court stated:

> Here, the plaintiff retained services of an attorney who practiced in Kentucky. The matter on which the attorney represented the plaintiff was a Federal administrative claim which did not require the attorney to appear in any State court or Federal court in Illinois, or to have a license to practice here, or, for that matter, to be present in Illinois. The legal services performed by the defendant were performed exclusively in Kentucky; if there was any malpractice in rendering those services it took place in Kentucky. The neglect, if any, of the attorney was his failure in Kentucky to arrange for the filing of the appeal. When the instruments for the appeal were tardily prepared they were drawn in Kentucky. Though this may seem as much a metaphysical point as a legal one, this tardy preparation, as well as the neglect that was the basis of the malpractice action, took place in Kentucky.
>
> Having held that no tortious act occurred in Illinois, we need not consider whether the defendant's rights under the standards of the due process clause have been violated. We would, however, observe that the conclusion we reach in favor of the defendant is consistent with decisions under the due process clause that residents of one State who travel to another jurisdiction for medical treatment cannot prosecute a malpractice action in their State of residence for injuries arising out of that treatment. (See *e.g., Veeninga v. Alt* (1982), 111 Ill. App. 3d 775[, 444 N.E.2d 780]; *Ballard v. Rawlins* (1981), 101 Ill. App. 3d 601[, 428 N.E.2d 532]; *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6[, 345 N.E.2d 149]; *Wright v. Yackley* (9th Cir. 1972), 459 F. 2d 287; *Gelineau v. New York University Hospital* (D.N.J. 1974), 375 F. Supp. 661; *Hogan v. Johnson* (1984), 39 Wash. App. 96, 692 P.2d 198.)

*Yates*, at 209-10; *see also Kowalski v. Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7, 11 (1st Cir. 1986); *State ex rel. Sperandio v. Clymer*, 581 S.W.2d 377, 383 (Mo. 1979).

In Washington, *Nixon* has been applied only in cases involving a product, instrumentality, agent or other form of representation of the plaintiff which was present in this state when the injury occurred. In each case the alleged negligence occurred out of state. The product, instrumentality, agent or other representation was then sent to Washington where an event occurred which resulted in injury to the plaintiff. *See, e.g., Grange Ins. Ass'n v. State*, 110 Wn.2d 752,

756, 757 P.2d 933 (1988), *cert. denied*, 490 U.S. 1004 (1989); *Smith v. York Food Mach. Co.*, 81 Wn.2d 719, 722, 504 P.2d 782 (1972); *Deutsch v. West Coast Mach. Co.*, 80 Wn.2d 707, 714, 497 P.2d 1311, *cert. denied sub nom. Kansai Iron Works, Ltd. v. Marubeni-Iida, Inc.*, 409 U.S. 1009 (1972); *Bowen v. Bateman*, 76 Wn.2d 567, 575, 458 P.2d 269 (1969); *Thiry v. Atlantic Monthly Co.*, 74 Wn.2d 679, 445 P.2d 1012 (1968); *Quigley v. Spano Crane Sales & Serv., Inc.*, 70 Wn.2d 198, 422 P.2d 512 (1967); *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.*, 66 Wn.2d 469, 403 P.2d 351 (1965), *cert. denied*, 382 U.S. 1025 (1966); *Nixon v. Cohn, supra.*

In such a setting, the *Nixon* rule remains valid although not necessarily dispositive of the jurisdiction issue. *See Oliver v. American Motors Corp.*, 70 Wn.2d 875, 884-90, 425 P.2d 647 (1967); *Perry v. Hamilton*, 51 Wn. App. 936, 756 P.2d 150, *review denied*, 111 Wn.2d 1017 (1988).

In *Hogan v. Johnson*, 39 Wn. App. 96, 100, 692 P.2d 198 (1984) the Court of Appeals noted:

> [The inseparability] analysis is less convincing in a medical malpractice context where the act which involved the particular plaintiff occurred outside of the forum state. If the injury and the tort are "inseparable," it seems as logical in the malpractice situation to deem the injury occurred where the act of malpractice took place, even though the damages were manifested later.

We thus align ourselves with the Illinois Supreme Court and hereby create an exception to the general rule that the place of the tort is the place where the injury occurs. In the event that a nonresident professional commits malpractice in another state against a Washington State resident, that, standing alone, does not constitute a tortious act committed in this state regardless of whether the Washington State resident suffered injury upon his or her return to Washington.

Treating the allegations in the complaint as established for the limited purpose of the jurisdictional question, defendant did not commit a tortious act in Washington. Plaintiff unilaterally sought out defendant's professional services in

Oregon and traveled to Oregon to receive them. All care, negligent and/or otherwise, was rendered in Oregon. Defendant was not a part of any ongoing care that Tazzalyn received in Washington nor was he or is he a part of her institutional care given in Oregon. At no relevant time was defendant in Washington, either physically, through a device that he manufactured or designed, by an agent or otherwise. The fact that defendant advised plaintiff, while she was in Oregon, to take Tazzalyn to a doctor in Washington does not constitute a tortious act committed in this state.

> In . . . cases where the plaintiff's claim rested upon a service to be performed, rather than the sale of a product, the nonresident defendant advertised and solicited sales of those services to the general public, including residents of this state, and utilized telephone and mail to consummate the transaction.

*Quad Metals Corp. v. El Capitan Mercury Co.*, 8 Wn. App. 435, 439, 506 P.2d 1332 (1973) (citing *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.*, 71 Wn.2d 679, 430 P.2d 600 (1967); *Bowen v. Bateman*, 76 Wn.2d 567, 458 P.2d 269 (1969)). Defendant, at all relevant times, did nothing of this sort in Washington. Further, plaintiff does not claim that defendant transacted business in Washington.

■ We hold, in the case of professional malpractice, a tort is not committed in Washington if the alleged act of malpractice was committed out of state even though the injuries may manifest themselves in Washington. Defendant is entitled to judgment as a matter of law as the criteria set forth in RCW 4.28.185 has not been met. Since this court is without jurisdiction over defendant, consideration of the remaining issues is precluded. The trial court is affirmed.

DORE, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.