[No. 52723-1-I.   Division One.   January 18, 2005.]

ROBERT L. SHAFFER, *Appellant*, v. MURRAY MCFADDEN, *Respondent*.

*Michael Woerner* and *Amy N.L. Hanson* (of *Keller Rohrback, L.L.P.*), for appellant.

*Tyna L. Ek* and *Nancy K. McCoid* (of *Merrick, Hofstedt & Lindsey, P.S.*), for respondent.

¶1 COLEMAN, J. — A Washington resident traveled to British Columbia, Canada to have laser assisted in situ keratomileusis (LASIK) eye surgery performed. When the patient suffered complications from the procedure, he sued the Canadian surgeon in King County Superior Court. The surgeon moved for summary judgment for lack of personal jurisdiction and improper venue based on a forum selection clause. The trial court granted the surgeon's motion. We reverse and remand for further proceedings because there are issues of material fact as to whether the forum selection clause is enforceable and whether the surgeon is subject to personal jurisdiction in Washington.

*FACTS*

¶2 Robert Shaffer, a Washington resident, traveled to Canada to have LASIK eye surgery performed at Lexington Eye Institute. Shaffer received a preoperative evaluation at Focus Eye Care, Inc., in Bellevue, Washington, by Dr. Alan Israel. Shaffer then scheduled his LASIK procedure and traveled to Canada for the procedure. When Shaffer arrived at Lexington, Dr. Murray McFadden, a Canadian resident, reviewed Shaffer's medical charts and spoke with Shaffer about the condition of his eyes. Before the procedure, Shaffer signed an informed consent booklet, which included a forum selection clause. McFadden performed the procedure, and Shaffer returned to his home in Washington.

¶3 Shaffer suffered adverse consequences from the procedure and sued Lexington and McFadden in King County Superior Court. The court entered default judgment against Lexington. McFadden moved for summary judgment for lack of personal jurisdiction and improper venue based on the forum selection clause. The trial court granted McFadden's motion, and Shaffer moved for reconsideration. The trial court denied Shaffer's motion for reconsideration, and Shaffer filed a timely notice of appeal.

## STANDARD OF REVIEW

¶4 We review a trial court's order granting summary judgment de novo. *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wn.2d 784, 790, 16 P.3d 574 (2001).

## ANALYSIS

¶5 We first address whether McFadden can enforce the forum selection clause. Forum selection clauses are enforceable unless they are unreasonable and unjust. *Voicelink Data Servs., Inc. v. Datapulse, Inc.*, 86 Wn. App. 613, 617, 937 P.2d 1158 (1997). If a plaintiff signed a valid forum selection clause choosing a forum other than Washington, dismissal under CR 12(b)(3) is proper. *Voicelink*, 86 Wn. App. at 617. Here, Shaffer signed the following forum selection clause:

> Governing Law:
>
> I hereby agree that the relationship and the resolution of any and all disputes arising from the treatment or from this Surgical Consent Form between myself and Murray McFadden, M.D., Lexington Laser Vision, L.P. and Lexington Management, L.P. shall be governed by and construed in accordance with the laws of the Province of British Columbia.
>
> Jurisdiction:
>
> I hereby acknowledge that the treatment will be performed in the Province of British Columbia and the Courts of the Province of British Columbia shall have sole jurisdiction to entertain any complaint, demand, claim or cause of action,

whether based on alleged breach of contract or alleged negligence arising out of the treatment. I hereby agree that if I commence any such legal proceedings they will be only in the Courts of the Province of British Columbia, and I hereby irrevocably submit to the exclusive jurisdiction of the Courts of the Province of British Columbia.

¶6 Shaffer argues that McFadden cannot enforce the forum selection clause because he was only a third-party beneficiary to the contract between Shaffer and Lexington. "A third-party beneficiary contract exists when the contracting parties intend to create one. The test of intent is an objective one: whether performance under the contract would necessarily and directly benefit the third party." *Donald B. Murphy Contractors, Inc. v. King County*, 112 Wn. App. 192, 196, 49 P.3d 912 (2002) (citation omitted). Shaffer argues that the forum selection portion of the contract was between him and Lexington and McFadden was not a party to the contract. The forum selection clause was part of a multipage booklet entitled "Consent Form." Shaffer signed on the bottom of the page containing the forum selection clause. McFadden did not sign on the forum selection clause page. But both Shaffer and McFadden signed on what appears to be the last page of the booklet, under the section entitled "Patient's Statement of Acceptance and Understanding." This could be read as an acceptance of the entire booklet, including the forum selection clause, which created a contract between McFadden and Shaffer. On the other hand, this section explicitly gives McFadden permission to perform the surgery and can be read as including McFadden only in the specific consent to perform surgery and not in the remainder of the contract with Lexington. Thus, under this reading, McFadden would not be a party to the forum selection clause. Moreover, McFadden stated in his declaration that he discussed the informed consent booklet with Shaffer and confirmed that Shaffer understood it. Shaffer, on the other hand, stated that McFadden did not discuss the consent booklet with him. Under these circumstances, there is an issue of material fact as to whether McFadden was a direct party to the

contract or if he was only a third party beneficiary. The distinction between a direct party to the contract and a third party beneficiary is important because it bears on whether McFadden can enforce the forum selection clause.

¶7 Shaffer argues that McFadden cannot enforce the forum selection clause as a third party beneficiary because Lexington cannot enforce the clause. This argument is based on a settlement agreement between Lexington and a class of Washington residents in *Harris v. Lexington Eye Institute*, No. 00-2-26941-2 (King County Super. Ct. Sept. 17, 2001). Under that settlement, the King County Superior Court ordered that Lexington and other defendants "waive or otherwise not assert as defenses the 'governing law' and 'jurisdiction' clauses contained in the Lexington Eye Institute Consent Form . . . in any personal injury lawsuits brought by these and all class members . . . ." Shaffer appears to be a member of the class, which includes:

> All Washington consumers who have purchased laser eye surgery services from some or all of Lexington Eye Institute Ltd., a Canadian corporation, Lexington Eye Institute, LP, a Canadian limited partnership; Focus Eye Care, Inc.; Dr. Robert Woods, or Jeanne Hua, O.D., a/k/a Trinh Hua, O.D. (collectively "Defendants"), since October 9, 1996, or who will purchase laser eye surgery services from some or all of the Defendants.

Therefore, under this order, Lexington would not be able to assert the forum selection clause as a defense in a lawsuit brought by Shaffer. Shaffer argues that this also prohibits McFadden from asserting the forum selection clause. McFadden argues that he is not estopped from asserting the forum selection clause because he was not a party to the *Harris* lawsuit. This argument, however, is immaterial if McFadden is only a third party beneficiary of Shaffer's contract with Lexington. A third party beneficiary can enforce a contract provision only to the extent that the parties to the contract can enforce it. *Kinne v. Lampson*, 58 Wn.2d 563, 567, 364 P.2d 510 (1961). If McFadden has rights under the contract only as a third party beneficiary, he cannot enforce the clause when the party to the contract,

Lexington, cannot enforce it. As stated above, there is an issue of material fact as to whether McFadden is a party to the contract or only a third party beneficiary. Thus, under the circumstances, the trial court erred in granting summary judgment in favor of McFadden on the issue of the enforceability of the forum selection clause.[1]

¶8 We next address whether the trial court erred in granting McFadden's motion for summary judgment, determining that it did not have personal jurisdiction over McFadden as a matter of law. When a party challenges personal jurisdiction, the party asserting jurisdiction bears the burden of presenting a prima facie case establishing jurisdiction. *Raymond v. Robinson*, 104 Wn. App. 627, 633, 15 P.3d 697 (2001). In determining whether the plaintiff has set forth a prima facie case for jurisdiction, the court must treat the allegations in the complaint as true. *Lewis v. Bours*, 119 Wn.2d 667, 670, 835 P.2d 221 (1992). Washington's long-arm statute provides for specific personal jurisdiction over nonresident defendants:

(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

   (a) The transaction of any business within this state;

   (b) The commission of a tortious act within this state.

RCW 4.28.185(1)(a), (b). In determining whether specific personal jurisdiction exists, the court must determine whether (1) the defendant made a purposeful act toward the forum state, (2) the defendant's contact with the forum state caused the injury, and (3) exercising jurisdiction over

---

[1] Shaffer also argues that the forum selection clause is unenforceable because it is unreasonable and unjust and McFadden did not provide sufficient consideration in exchange for Shaffer's agreement to the forum selection clause. Because there is a material issue of fact as to whether McFadden is a party to the contract and summary judgment was not appropriate on that issue, we do not address these additional arguments. This does not preclude the trial court from addressing these issues if they arise on remand.

the defendant violates fundamental notions of fairness. *Raymond*, 104 Wn. App. at 637. Shaffer argues that the King County Superior Court has specific jurisdiction over Lexington and McFadden.[2]

■ ¶9 Shaffer argues that McFadden is subject to specific personal jurisdiction because he purposefully availed himself of the privileges of Washington law and that, but for his actions, the injuries to Shaffer, a Washington resident, would not have occurred. Central to Shaffer's argument is the contention that Lexington's contacts with Washington and McFadden's relationship with Lexington and Focus constitute purposeful contacts with the state of Washington.[3] Here, it is clear that Lexington made purposeful contact with the state of Washington and would be subject to jurisdiction here. Lexington extensively advertised in the state, specifically targeting Washington residents. The advertisements emphasized that only one trip to Canada was necessary and provided information about shuttles and hotel discounts for Lexington patients. Lexington also conducted seminars in Washington to convince Washington residents to travel to Canada to receive LASIK procedures at a discounted price. These contacts are clearly sufficient to establish personal jurisdiction over Lexington. This, however, does not resolve the issue of whether McFadden is subject to jurisdiction in Washington.

■ ¶10 McFadden argues that under the holding in *Lewis*, he cannot be subject to the jurisdiction of the

---

[2] Shaffer also argues that Washington courts have general jurisdiction over McFadden. Having determined that there are issues of material fact regarding personal jurisdiction, we do not address general jurisdiction. Our opinion, however, does not preclude the trial court from addressing the issue on remand if it is presented.

[3] Shaffer argues that McFadden is subject to personal jurisdiction in Washington because he received his LASIK training in Washington. In making this argument, Shaffer relies on *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). While the *Burger King* Court did mention training in the forum state as a factor for conferring jurisdiction, the Court did not hold that training alone is sufficient to confer jurisdiction. In *Burger King*, the entire contract was centered in the forum state. Thus, the fact that McFadden received his training in Washington, by itself, is not sufficient to subject him to the jurisdiction of the Washington courts.

Washington courts. In *Lewis*, Jeanne Lewis, a Washington resident, went to Oregon to receive prenatal care at Dr. Peter Bours' clinic. Lewis gave birth to Tazzalyn at the clinic in Oregon, and Bours released them with instructions to see a doctor upon returning to Washington. The baby suffered severe complications. Lewis sued Bours, alleging that he committed a tort in Washington under the long-arm statute because the injury manifested itself in Washington. The court held that, "In the event that a nonresident professional commits malpractice in another state against a Washington State resident, that, standing alone, does not constitute a tortious act committed in this state regardless of whether the Washington State resident suffered injury upon his or her return to Washington." *Lewis*, 119 Wn.2d at 673. This case is distinguishable because Shaffer is alleging an agency relationship between McFadden and Israel, not just that his injury manifested itself in Washington. Additionally, Shaffer is alleging that McFadden had a duty to provide the care that he delegated to Israel. In *Lewis*, there was no evidence that Bours had a comanagement relationship with Washington doctors or that he delegated a duty owed to his patient to another doctor. Thus, *Lewis* is not applicable in this case.

¶11 Shaffer argues that McFadden is subject to personal jurisdiction in Washington based on the acts of Israel in performing the pre- and postoperative care of McFadden's patients in Washington. An agent performs services for the principal and is subject to the principal's right to control. *Chapman v. Black*, 49 Wn. App. 94, 99, 741 P.2d 998 (1987). An agency relationship exists, even absent a showing of control, when a person performs an act that another has a duty to perform. *Abel v. Firs Bible & Missionary Conference*, 57 Wn.2d 853, 855, 360 P.2d 356 (1961). Shaffer argues that Israel was an agent of McFadden and that because Israel treated the patients in Washington, McFadden is subject to personal jurisdiction here. In support of this argument, Shaffer presented a declaration by Dr. Harry Geggel, a Washington refractive surgeon, who concluded that

McFadden practiced medicine in Washington because of the delegation of his duties to perform pre- and postoperative care to Israel. McFadden argues that Geggel's declaration is improper because there is no evidence that Geggel is qualified to opine on the standard of care for Canadian surgeons. Geggel's declaration, however, does raise issues of material fact regarding whether Israel's actions confer jurisdiction over McFadden. McFadden himself admits that a surgeon has some responsibility for pre- and postoperative care: "[O]phthalmic surgeons have the primary responsibility for the pre-operative assessment and post-operative care of his or her patients." McFadden also admits that under the comanagement relationship with Focus, Focus would perform the pre- and postoperative care of his patients. Additionally, McFadden recognized that he was in a comanagement relationship with Israel and Focus: "The fact that [Israel] sent [the preoperative form] suggests to me that he agreed. . . . It suggests to me that he agreed to co-manage the patient, should I agree to proceed with surgery." Thus, McFadden admits that there was some sort of agreement with Focus and Israel to perform pre- and postoperative care for the patients on which he performed the LASIK procedure. If there was an agency relationship between McFadden and Israel, Israel's performance of McFadden's duties constitute actions of McFadden in Washington and therefore McFadden may be subject to personal jurisdiction here. Thus, at a minimum, Shaffer raises an issue of material fact as to whether McFadden had a duty to perform the pre- and postoperative care and whether Israel's performance of that care made him an agent of McFadden. The trial court, therefore, erred in granting summary judgment in favor of McFadden on the issue of personal jurisdiction.[4]

---

[4] Shaffer also argues that McFadden is a partner with Lexington and therefore Lexington's actions subject him to the jurisdiction of the Washington courts. Having identified a fact issue requiring remand, it is not necessary to address the issue of partnership. Our opinion, however, does not preclude the trial court from addressing this and other unresolved issues on remand, on a fully developed record, if presented.

¶12 Because there are issues of material fact, we reverse and remand for further proceedings. This decision does not preclude the trial court from limiting the triable issues.

ELLINGTON, A.C.J., and SCHINDLER, J., concur.

Review denied at 155 Wn.2d 1010 (2005).