173 P.3d 1000 (2007)
Dorothy BAYNES, as Guardian ad Litem for Brandon BAYNES, Appellant,
v.
RUSTLER'S GULCH SYNDICATE, LLC, Respondent,
Brian Reynolds, a minor, Defendant.
No. 26006-2-III.
Court of Appeals of Washington, Division 3.
December 27, 2007.
Charles T. Conrad Jr., Paine, Hamblen, Coffin, Brooke & Miller, Stephen Craig Haskell, Stephen Haskell Law Offices PLLC, Spokane, WA, for Appellant.
Richard Scott Fallon, Gregory G. Jones, Attorney at Law Seattle, WA, for Respondent.
*1001 SWEENEY, C.J.
¶ 1 Absent a special relationship (usually resulting from some obligation to protect), a landowner has no duty to protect third parties from the criminal conduct of trespassers. A passenger in a car was injured when the driver of that car crashed. Both the driver and the passenger were minors and both had been drinking heavily at a "kegger" party on land owned by the defendant. The landowner did not know of the party. And the property was posted no trespassing. We agree with the trial judge that the landowner had no obligation to protect this injured plaintiff, and we affirm the summary dismissal of the complaint.

FACTS
¶ 2 Rustler's Gulch Syndicate, LLC, owns approximately 3,000 acres of remote, rugged, undeveloped land in Pend Oreille County, Washington. None of the members live on the property and only one member visits the property a few times a year. The property is posted "No Trespassing." A portion of the property is described as "The Ridge." It is only accessible from a roadway called Beaver Creek Road. It is a private roadway and is used for access to other upland property owners.
¶ 3 The Ridge is apparently a frequent site of drinking or "kegger" parties. Children trespass onto the property to drink and party. Members of Rustler's Gulch did not know that the area was used for underage drinking parties. But the area is littered with empty beer and liquor containers and apparently other people knew the area was used for "keggers." One such party took place on September 17, 2004.
¶ 4 Brian Reynolds and Brandon Baynes attended the kegger. They each started drinking before the kegger party. They continued drinking at the kegger at the Ridge. Some people expressed concern about Mr. Reynolds' driving ability given his alcohol consumption. They tried to convince him to let someone else drive. He refused. Mr. Reynolds left the party shortly before midnight with Mr. Baynes as a passenger. They stopped somewhere along the way to relieve themselves, got back into the Ford Bronco without securing their seatbelts, and again started down the road. Mr. Reynolds then tried to pass another car on the road. He lost control of the Bronco and crashed. Both Mr. Reynolds and Mr. Baynes were seriously injured.
¶ 5 Dorothy Baynes, as guardian ad litem for Brandon, sued the landowner of the Ridge for negligence. Rustler's Gulch moved for summary judgment. The court concluded that Rustler's Gulch owed no duty to Mr. Baynes and dismissed the complaint.

DISCUSSION
DUTY OF A LANDOWNER TO THIRD PARTIES FOR THE CRIMINAL ACTIVITY OF TRESPASSERS
¶ 6 Ms. Baynes argues that a landowner owes a duty to others for injuries resulting from the criminal acts of trespassers when the landowner has either actual or constructive notice of that criminal activity. And here, she argues, there was evidence that should have put Rustler's Gulch on constructive notice of the underage drinking on its property.
¶ 7 Rustler's Gulch responds that it did not have notice or any significant control over the circumstances of this accident, and it had no duty to protect Mr. Baynes from the criminal conduct of Mr. Reynolds.
¶ 8 The only disputed fact here is whether the landowner should have been aware of underage drinking on its property. But this is not a material fact. Hash v. Children's Orthopedic Hosp. & Med. Ctr., 110 Wash.2d 912, 915, 757 P.2d 507 (1988). The best that can be said is that the landowner should have known that minors trespassed on its land and drank alcohol. Here, the trial court held as a matter of law that Rustler's Gulch owed Mr. Baynes no legal duty. The existence of duty is a question of law. Pedroza v. Bryant, 101 Wash.2d 226, 228, 677 P.2d 166 (1984). And so our review is de novo. Shaffer v. McFadden, 125 Wash. App. 364, 367, 104 P.3d 742, review denied, 155 Wash.2d 1010, 122 P.3d 912 (2005).
¶ 9 Both parties rely on language and the holding in Hutchins v. 1001 Fourth Avenue *1002 Associates.[1] There, two men assaulted and robbed the plaintiff in an unlit armored car bay in the defendant's downtown Seattle office building. Hutchins, 116 Wash.2d at 219, 802 P.2d 1360. The plaintiff argued that the building posed an unreasonable risk to passersby and the owners had an obligation to do something about it. Specifically, he argued that
the armored car entry area was pitch black, that the vehicle entryway was inadequately lighted, that defendants knew or should have known the car bay was in a high crime area, and that defendants knew or should have known that the unlighted entryway provided a place of concealment for individuals waiting to assault passersby and a place in which an assault might occur out of the public view.
Id. at 220, 802 P.2d 1360. The court addressed this specific question: "[W]hether an occupier of land has a duty to provide security measures on the premises to protect passersby from the risk of criminal assault on the premises." Id. at 219, 802 P.2d 1360.
¶ 10 Ms. Baynes notes that the court in Hutchins makes much of the fact that there was no showing that the owners of the building knew of any criminal activity. And she then moves from that observation to argue that the owner here, Rustler's Gulch, should have known of the underaged drinking on its land and that should be enough to impose liability.
¶ 11 That conclusion does not follow from anything the court said in Hutchins. First, the references to knowledge by the landowner in Hutchins are to actual knowledge of criminal activity not constructive knowledge. Id. at 225-28, 802 P.2d 1360. Next, Rustler's Gulch did not host this party or encourage or invite these minors to drink on its property. In fact, it posted no trespassing signs. So to impose liability because Rustler's Gulch should have known that minors consumed alcohol on its property and then drove recklessly on public roads is a bit attenuated for us. The landowner here owed only the duty to prevent the activities and conditions on its land from injuring people outside its land. Id. at 223, 802 P.2d 1360. There is no showing here (unlike the facts in Hutchins) that the condition of the land in any way contributed to the injuries here.
¶ 12 And a private party, here Rustler's Gulch, simply has no duty to protect others from the criminal acts of trespassers. Id. And
we think that at the very least the land possessor has no duty arising from the trespasser's criminal activity on the land absent notice to the possessor. Whether notice of [the illegal] activities or intended conduct, or notice in general of the criminal activity of others, or either, would suffice, is an open question. The evidence in this case fails to establish any notice to defendants sufficient to give rise to any duty.
Id. at 226, 802 P.2d 1360.
LIABILITY UNDER RCW 66.44.270 (PROHIBITING MINORS FROM CONSUMING LIQUOR ON ANY PREMISE UNDER A LANDOWNER'S CONTROL)
¶ 13 Ms. Baynes next argues that the landowner's constructive notice of underage drinking amounted to an implied invitation to drink. Again, the question is one of law and our review is de novo. McFadden, 125 Wash.App. at 367, 104 P.3d 742.
¶ 14 RCW 66.44.270(1) makes it "unlawful for any person to sell, give, or otherwise supply liquor to any person under the age of twenty-one years or permit any person under that age to consume liquor on his or her premises or on any premises under his or her control."
¶ 15 Under RCW 66.44.270, a commercial vendor can be held liable for injuries to a person resulting from the vendor's illegal sale of alcohol to a minor if that sale results in an injury to another in a car accident. Crowe v. Gaston, 134 Wash.2d 509, 517, 951 P.2d 1118 (1998). But the commercial vendor is liable only for the foreseeable consequences of its conduct. Id.
¶ 16 RCW 66.44.270 does not impose legal liability on a landowner to a third person who is injured because of the illegal *1003 conduct and underage drinking of a trespasser. Gaston, 134 Wash.2d at 517, 951 P.2d 1118; Reynolds v. Hicks, 134 Wash.2d 491, 498, 951 P.2d 761 (1998); Hutchins, 116 Wash.2d at 226-32, 802 P.2d 1360; Hulse v. Driver, 11 Wash.App. 509, 513, 524 P.2d 255 (1974). Rustler's Gulch did not provide the alcohol. And even if we could infer that it should have known that minors trespassed on its land to drink, that is hardly an implied invitation to minors to trespass on its property to drink.
¶ 17 We affirm the summary dismissal of the complaint.
WE CONCUR: SCHULTHEIS and BROWN, JJ.
NOTES
[1] Hutchins v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 802 P.2d 1360 (1991).