# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WENDY DICKIE, | No. 47192-2-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE PARKS AND RECREATION COMMISSION, a public body, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Wendy Dickie appeals the superior court's summary dismissal of her claim against the Washington State Parks and Recreation Commission (State Parks) for injuries she sustained after she slipped and fell on a wet, wooden ramp at Cape Disappointment State Park. State Parks moved for summary judgment asserting that RCW 4.24.210(4)(a) immunized the State of Washington from tort liability for Dickie's injuries because the injury-causing condition was not latent. Dickie argues the court erred by granting State Parks' summary judgment motion because a genuine issue of material fact exists as to whether the injury-causing condition was latent. We affirm.

## FACTS

In November, 2010, Dickie visited Cape Disappointment State Park. The park is located near the beach in Ilwaco, Washington. On the day that Dickie visited the park it was drizzling, overcast, and wet. Dickie looked at a yurt[1] that was built on an elevated wooden deck. A

---

[1] A yurt is a tent-like structure made available to park visitors.

wooden ramp provided access to and from the structure. As Dickie descended down the ramp she slipped and fell, landing on her knee and sustaining a fracture.

State Parks had not posted any signs warning park visitors that the ramp may be slippery. A State Parks employee testified that the deck did not look dangerous to him after he arrived following Dickie's accident. After Dickie's fall, State Parks cleaned and treated the ramp and installed traction pads.

On October 30, 2013, Dickie brought suit against State Parks for damages related to her injury. State Parks moved for summary judgment, asserting that because the injury-causing condition was not latent, State Parks was immune from liability under RCW 4.24.210(4)(a). The superior court agreed and granted State Parks' motion for summary judgment. Dickie appeals.

ANALYSIS

I. STANDARD OF REVIEW

We review a summary judgment order de novo, and we perform the same inquiry as the trial court. *Kofmehl v. Baseline Lake, LLC*, 177 Wn.2d 584, 594, 305 P.3d 230 (2013). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). As the moving party, State Parks bears the initial burden of showing the absence of an issue of material fact. *Kofmehl*, 177 Wn.2d at 594. The burden then shifts to Dickie to set forth specific facts establishing that there is a genuine issue of material fact for trial. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). A motion for summary judgment accepts all facts and reasonable inferences in the light most favorable to the nonmoving party. *Kofmehl*, 177 Wn.2d at 594. Considering the facts in the light most favorable to the nonmoving party, the motion for summary judgment

should be granted only if, from all the evidence, reasonable persons could reach but one

conclusion. *Failla v. FixtureOne Corp*, 181 Wn.2d 642, 649, 336 P.3d 1112 (2014) (quoting

*Lewis v. Bours*, 119 Wn.2d 667, 669, 835 P.2d 221 (1992)), *cert. denied*, *Schutz v. Failla*, 135 S.

Ct. 1904 (2015).

## II. WASHINGTON'S RECREATIONAL LAND USE STATUTE

Washington's recreational land use statute[2] aims to encourage landowners to open their

lands to the public by modifying the common law duty owed to invitees, licensees, and

trespassers. *Jewels v. City of Bellingham*, 183 Wn.2d 388, 394, 353 P.3d 204 (2015). In keeping

with this goal, landowners who open their land to the public for recreational purposes, free of

charge, are generally not liable for unintentional injuries to such users. RCW 4.24.210.

However, the statute creates an exception where an injured party may overcome this immunity

by showing the injuries were sustained "by reason of a known dangerous artificial latent

condition for which warning signs have not been conspicuously posted." RCW 4.24.210(4)(a).

Each of the terms known, dangerous, artificial, and latent modify the term "condition." *Jewels*,

183 Wn.2d at 397. Dickie must prove all aspects of the injury-causing condition for liability to

attach to State Parks. 183 Wn.2d 395. The only issue in dispute here is whether the injury-

causing condition was latent.

## III. INJURY-CAUSING CONDITION

The first step in the court's analysis is to identify the injury-causing condition. *Davis v.

State*, 102 Wn. App. 177, 185, 6 P.3d 1191 (2000). Under the recreational use statute, the injury-

causing condition is defined as "'the specific object or instrumentality that caused the injury,

---

[2] RCW 4.24.210(1).

viewed in relation to other external circumstances in which the instrumentality is situated or operates.'" *Swinehart v. City of Spokane*, 145 Wn. App. 836, 846, 187 P.3d 345 (2008) (quoting *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 921, 969 P.2d 75 (1998)). Identifying the injury-causing condition is a factual determination. Because State Parks moved for summary judgment, all facts and reasonable inferences therefrom must be construed in the light most favorable to Dickie. *Swinehart*, 145 Wn. App. at 846.

Here, the injury-causing condition was the wet, wooden ramp. Dickie implies without arguing that the injury-causing condition is the *slippery*, wooden ramp. But, the slipperiness of the ramp is the danger the condition imposed, not the condition itself.

## IV. LATENT

Dickie argues that because the slipperiness of the ramp was not apparent, a material issue of fact exists as to whether the injury-causing condition was latent. We disagree.

An injury-causing condition is "latent" if it is "not readily apparent to the recreational user." *Van Dinter v. City of Kennewick*, 121 Wn.2d 38, 45, 846 P.2d 522 (1993). The condition itself, not the danger it poses, must be latent. *Jewels*, 183 Wn.2d at 398. The dispositive question is whether the condition is readily apparent to the general class of recreational users. 183 Wn.2d at 398.

Here, reasonable persons could not disagree that the wooden ramp as well as its injury causing aspect—its wetness—were obvious. Dickie points to a State Parks employee's testimony that the slipperiness of the deck was not apparent as evidence of latency. While the ramp's slipperiness may not have been readily apparent, that does not show the injury-causing condition was latent. At most it shows that the patent condition posed a latent, or unobvious,

danger. As our Supreme Court explained in *Van Dinter*, "'latent' modifies 'condition', not 'danger'. Therefore injuries that result from latent dangers presented by a patent condition are not actionable under RCW 4.24.210." 121 Wn.2d at 46.

Dickie also argues that because the ramp was part of a structure that provided shelter accommodations to park guests that recreational users could reasonably expect that the ramp would be safe for use. Again, under the recreational use statute, the question is whether the injury-causing condition—not the specific risk it poses—is readily apparent to the ordinary recreational user. *Jewels*, 183 Wn.2d at 398. That the ramp led to a yurt does not raise a genuine issue of material fact as to whether the wet, wooden ramp was latent.

Reasonable persons could not differ in concluding that the wet, wooden ramp was not a latent condition. We affirm the superior court's grant of summary judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.