IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KAY L. PRUCZINSKI, a single person, and RICKY BELL, a single person, | ) ) ) | No. 31977-6-III |
| Appellants, | ) ) ) | |
| v. | ) ) | |
| | ) | PUBLISHED OPINION |
| ALLEN ASHBY and JENNIFER ASHBY, husband and wife and the marital community comprised thereof, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

LAWRENCE-BERREY, J. — At issue is whether Washington State has personal jurisdiction and subject matter jurisdiction over an Idaho police officer who allegedly assaulted an Idaho resident just within this state's border. The trial court ruled that Washington State lacked personal jurisdiction over Allen Ashby. Given the facts alleged, we hold that Washington has both personal jurisdiction and subject matter jurisdiction. Also at issue is whether Washington should decline jurisdiction on the basis of comity. We hold that the record is insufficient for us to decide this issue. In summary, we reverse the order of dismissal and remand this matter to the trial court for it to exercise its

discretion on whether to decline jurisdiction on the basis of comity.

## FACTS

Kay Pruczinski, a resident of Idaho, and Ricky Bell filed a complaint in Spokane County Superior Court against Allen Ashby, an Idaho state trooper, alleging that she sustained injuries and property damage during his arrest of her in Washington. The complaint specifically alleged that Trooper Ashby followed Ms. Pruczinski from the Idaho border into Washington, stopped her, ordered her out of Mr. Bell's car, broke the driver's side window, and attempted to drag her through the window after she refused to exit the car. She also alleged that during the search incident to arrest, Trooper Ashby "offensively touch[ed]" her in a "menacing and sexual manner." Clerk's Papers (CP) at 25. The amended complaint included causes of action for injury to property, intentional and negligent infliction of emotion distress, assault, battery, unlawful imprisonment, and civil rights violations under chapter 49.60 RCW.

Trooper Ashby moved to dismiss the complaint under CR 12(b)(1) and (2), claiming that Washington lacked both subject matter and personal jurisdiction over him because the allegations were based on his acts as an Idaho state employee in the performance of his duties. Specific to subject matter jurisdiction, he argued, as he does on appeal, that Idaho district courts have exclusive jurisdiction over tort claims against

the State of Idaho and its employees under Idaho law. As to personal jurisdiction,
Trooper Ashby argued that even though the conduct at issue occurred in Washington,
nothing in the complaint established that Trooper Ashby made any purposeful act toward
the forum state, and that "[t]he basic equities of the facts of this case mandate Idaho as
the most suitable forum." CP at 56. Ms. Pruczinski countered that Washington has
jurisdiction under our long-arm statute, RCW 4.28.185(1)(b), because the alleged tortious
conduct occurred in this state.

As an initial matter, the trial court accepted the defense's concession that the stop
occurred in Washington, noting, "[f]or purposes of our hearing today, . . . the defense
concedes . . . that the [tortious conduct] took place . . . in Washington." Report of
Proceedings (RP) at 9. However, the court granted Trooper Ashby's motion to dismiss,
finding it would violate due process to subject Trooper Ashby to Washington's
jurisdiction when one of the key elements of the case was whether Trooper Ashby was
acting within the scope of his employment as an Idaho state employee. The court
reasoned:

> And because we do have Idaho residents, because we do have a
> question of Idaho law and not only Idaho law but Idaho administrative
> determinations as to what is the scope of duty of an Idaho State Trooper in
> the Idaho State Patrol, it would not be fair for Washington to exercise
> personal jurisdiction over this individual.

3

This is all state line type of circumstances that, quite frankly, absent this question of scope of employment, would be more likely to be assumable, jurisdictionally assumable, in either state.

However, because of this clear question that stands in the way of determining whether an individual in this set of circumstances can be held personally liable, Idaho is by far the fairer jurisdiction to answer those questions.

RP at 27-28. The court's order clarified its basis of dismissal was under CR 12(b)(2), lack of personal jurisdiction over Trooper Ashby.

Ms. Pruczinski appeals.

## ANALYSIS

A. *Whether Washington has personal jurisdiction*

Ms. Pruczinski contends that the trial court erred in granting Trooper Ashby's motion to dismiss for lack of personal jurisdiction because the tortious conduct at issue occurred in this state. She also asserts that Washington's jurisdiction comports with due process under our long-arm statute because (1) the brunt of the harm caused by Trooper Ashby's acts occurred in Washington, and (2) Washington's assumption of jurisdiction does not violate traditional notions of fair play and substantial justice. A trial court's ruling on personal jurisdiction is a question of law we review de novo. *Lewis v. Bours,* 119 Wn.2d 667, 669, 835 P.2d 221 (1992) (quoting *MBM Fisheries, Inc., v. Bollinger Mach. Shop & Shipyard, Inc.,* 60 Wn. App. 414, 418, 804 P.2d 627 (1991)).

4

A court's exercise of personal jurisdiction must satisfy Washington's long-arm statute, RCW 4.28.185, and satisfy constitutionally mandated requirements of due process of law. *In re Marriage of Yocum*, 73 Wn. App. 699, 702, 870 P.2d 1033 (1994). RCW 4.28.185 provides in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> . . . .
>
> (b) The commission of a tortious act within this state.

For purposes of determining jurisdiction under RCW 4.28.185(1)(b), the plaintiff need only show by prima facie evidence that the defendant committed a tort in the forum state; whether a tort was actually committed must be determined by a trier of fact. *Lewis*, 119 Wn.2d at 670 (quoting *Smith v. York Food Mach. Co.*, 81 Wn.2d 719, 722, 504 P.2d 782 (1972)). Thus, for purposes of determining jurisdiction, we treat the allegations in the complaint as established. *Id.* (citing *MBM Fisheries*, 60 Wn. App. at 418.

To satisfy the requirements of due process, a Washington court may exercise personal jurisdiction over a nonresident only when the following elements are satisfied: (1) the nonresident defendant must purposefully do some act in Washington, (2) the cause of action must arise from or be connected with that act, and (3) the assumption of

5

jurisdiction must not offend traditional notions of fair play and substantial justice. *Yocum*, 73 Wn. App. at 703 (quoting *Tyee Constr. Co. v. Dulien Steel Prods., Inc.*, 62 Wn.2d 106, 115-16, 381 P.2d 245 (1963)).

1. *Purposeful act*

"The purposeful availment analysis in the tort context permits the exercise of jurisdiction when the claimant makes a prima facie showing that an out-of-state party's intentional actions were expressly aimed at the forum state and caused harm in the forum state." *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 175 Wn. App. 840, 891, 309 P.3d 555 (2013), *aff'd*, 180 Wn.2d 954, 331 P.3d 29 (2014). This requirement ensures that a defendant will not be "'haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.'" *Gorden v. Lloyd Ward & Assocs., PC*, 180 Wn. App. 552, 568, 323 P.3d 1074 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

Citing *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), Trooper Ashby argues his conduct was not purposefully aimed at Washington because he was "on patrol in Idaho on Idaho roads to ensure the safety of travelers in Idaho and to enforce Idaho laws." Br. of Resp'ts at 26. However, *Calder* does not help him. There, the United States Supreme Court held that in evaluating whether a foreign act in a forum

6

state satisfies the purposeful act prong, a court should consider whether the "brunt of the harm" was suffered in the forum state. *Calder*, 465 U.S. at 789. Here, as detailed above, Washington was the focal point of Trooper Ashby's intentional actions and of the harm suffered. He followed a car driven by Ms. Pruczinski from the Idaho border into Washington, stopped the car, allegedly broke the window, dragged her from the car, and searched her in an offensive manner. These intentional acts were sufficiently aimed at our state.

2. *Cause of action connected with act*

The second prong—that the plaintiff's cause of action must arise out of the defendant's act—is met. Our Supreme Court has held many times "that when an injury occurs in Washington, it is an inseparable part of the 'tortious act' and that act is deemed to have occurred in this state for purposes of the long-arm statute." *Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 757, 757 P.2d 933 (1988) (citing *Smith*, 81 Wn.2d at 722; *Bowen v. Bateman*, 76 Wn.2d 567, 575, 458 P.2d 269 (1969)). An injury "occurs" in Washington for purposes of the long-arm statute, "if the last event necessary to make the defendant liable for the alleged tort occurred in Washington." *MBM Fisheries*, 60 Wn. App. at 425. Here, all of the acts giving rise to Ms. Pruczinski's claim occurred in Washington.

7

3. *Fair play and substantial justice*

Finally, the third requirement is that the exercise of jurisdiction must not offend traditional notions of fair play and substantial justice. *Yocum*, 73 Wn. App. at 703 (quoting *Tyee*, 62 Wn.2d at 115-16). This requires consideration of the (1) quality, nature, and extent of Trooper Ashby's activities in Washington, (2) the convenience of the parties, (3) the benefits and protections of the laws of the forum state afforded the parties, and (4) the "basic equities" of the situation. *DiBernardo-Wallace v. Gullo*, 34 Wn. App. 362, 366, 661 P.2d 991 (1983); *Sorb Oil Corp. v. Batalla Corp.*, 32 Wn. App. 296, 301, 647 P.2d 514 (1982).

Trooper Ashby contends that his contact with Washington was "unintentional and did not constitute a fair warning that he was subjecting himself to Washington jurisdiction." Resp't's Br. at 29. He contends that the sole fact that he stopped Ms. Pruczinski in Washington does not establish that he was directing his actions at Washington. He also maintains that it is burdensome to defend the action in Washington when all of the parties are Idaho residents. His arguments are not persuasive. In view of the allegations that Trooper Ashby followed Ms. Pruczinski into Washington and committed the tortious acts here, it does not offend notions of fair play to subject him to the jurisdiction of this state. As Ms. Pruczinski points out, "no cause of action would

8

have arisen, no contact would have occurred, and no injury would have come to Ms. Pruczinski, had Mr. Ashby not followed her into Washington State." Appellant's Br. at 16. It should come as no surprise to Trooper Ashby that his conduct in our state could subject him to Washington jurisdiction.

As to the convenience of the parties, neither party would be required to litigate in a "distant state." *Nixon v. Cohn*, 62 Wn.2d 987, 998, 385 P.2d 305 (1963). While we consider the inconvenience to the defendant, there is no constitutional requirement that the plaintiff must bear the hardship of litigating in a distant state. *Id.* The record shows that Trooper Ashby lives close to the Washington border in Coeur d'Alene, Idaho. Considering the totality of Trooper Ashby's acts within the state and the "basic equities" of the situation, the assumption of Washington jurisdiction over Trooper Ashby does not offend traditional notions of fair play and substantial justice. We conclude that the trial court erred in dismissing Ms. Pruczinski's complaint based on a lack of personal jurisdiction over Trooper Ashby.

B.    *Whether Washington has subject matter jurisdiction*

Ms. Pruczinski contends that Washington Constitution article IV, section 6 confers upon Washington subject matter jurisdiction over her action. The question of subject matter jurisdiction is a question of law that we review de novo. *Lewis*, 119 Wn.2d at 669

(quoting *MBM Fisheries*, 60 Wn. App. at 418).

In establishing subject matter jurisdiction, we focus on the "type of controversy." *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 542-43, 886 P.2d 189 (1994). The type of controversy over which a court has subject matter jurisdiction refers to the category of controversies it has authority to decide. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 317, 76 P.3d 1183 (2003). "'If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.'" *Marley*, 125 Wn.2d at 539 (quoting Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, B.Y.U. L. REV. 1, 28 (1988)). The superior courts of Washington State have subject matter jurisdiction over tort actions. *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818 (2011).

Trooper Ashby cites Idaho code (I.C.) section 6-914 for the proposition that Idaho courts have exclusive jurisdiction over tort actions against Idaho state employees. Section 6 of the Idaho code concerns tort actions brought against Idaho and its employees. The cited section provides: "The district court shall have jurisdiction over any action brought under this act and such actions shall be governed by Idaho rules of civil procedure insofar as they are consistent with this act." I.C. § 6-914. We first note that nothing in that

section vests Idaho courts with *exclusive* jurisdiction over tort actions against Idaho employees. We further note that the section does not assert exclusive jurisdiction over torts committed outside of Idaho by Idaho employees, nor do we construe that section as doing so. We, therefore, hold that Washington courts have subject matter jurisdiction over an alleged tort committed in Washington by an Idaho employee.

C.     *Whether Washington should decline jurisdiction under the doctrine of comity*

Trooper Ashby, somewhat perfunctorily, raised the issue of comity at the trial court level and also here. In *Haberman v. Washington Public Power Supply System*, 109 Wn.2d 107, 160, 744 P.2d 1032, 750 P.2d 254 (1987), the court explained "the doctrine of comity is not a rule of law, but one of practice, convenience and expediency." "[C]omity is properly exercised when the assumption of jurisdiction would not promote cooperative efforts between states." *Glover v. Alaska*, 142 Wn. App. 442, 447, 174 P.3d 1246 (2008) (quoting *Carrigan v. California Horse Racing Bd.*, 60 Wn. App. 79, 85, 802 P.2d 813 (1990)). Whether to invoke comity is within the court's discretion. *Haberman*, 109 Wn.2d at 161. Trooper Ashby argues, "Washington and Idaho have codified the intent of both states to cooperate in the enforcement of traffic and criminal laws by enacting laws allowing for mutual cooperation and enforcement. . . . Imposing Washington jurisdiction on an Idaho state employee does not foster the cooperative

11

endeavors between Washington and Idaho evidenced by the laws of both states and jurisdiction should be declined in this action." Br. of Resp'ts at 36.

The trial court would be well within its discretion to decline jurisdiction if the evidence establishes that Trooper Ashby was operating within the parameters of this agreement and Washington law, i.e., that he had authority to arrest in Washington, and that his arrest of Ms. Pruczinski was lawful. Conversely, comity should not be extended when an out-of-state officer had no authority to arrest in Washington, or when the arrest was not lawful. We examine our statutes to determine whether Trooper Ashby was both qualified to arrest in Washington, and whether his arrest of Ms. Pruczinski was lawful.

*Authority to arrest.* The authority of an out-of-state police officer to arrest in Washington is defined by statutes, including the Washington mutual aid peace officer powers act of 1985, chapter 10.93 RCW, and the uniform act on fresh pursuit, chapter 10.89 RCW. RCW 10.93.020(5) defines a specially commissioned Washington peace officer as including a fully commissioned Idaho peace officer. RCW 10.93.090 authorizes a specially commissioned peace officer to make arrests in Washington, provided that such officer has successfully completed a course of basic training prescribed or approved by the Washington state criminal justice training commission. Here, there is no evidence whether Trooper Ashby was a fully commissioned peace

12

officer in Idaho or whether he had the requisite training.

*Lawful arrest.* Assuming that Trooper Ashby can demonstrate that he had authority to make an arrest in Washington, he must also demonstrate that his arrest of Ms. Pruczinski was lawful.

> At common law an officer outside his or her jurisdiction did not acquire authority to arrest merely because probable cause existed.
> RCW 10.31.100 . . . provides that officers may effect warrantless arrests when the officer has probable cause to believe the person has committed or is committing a felony, and may make warrantless arrests for misdemeanors committed in the officer's presence. It also provides that an officer having probable cause that a person has committed or is committing certain misdemeanors or gross misdemeanors has the authority to make a warrantless arrest. The statute lists other circumstances where warrantless arrests may be made, RCW 10.31.100(2), and also provides for warrantless arrests for certain violations of the traffic laws, RCW 10.31.100(3).

*State v. Barker*, 143 Wn.2d 915, 921-22, 25 P.3d 423 (2001) (footnote omitted).

Although Trooper Ashby attached the police report to his memorandum in support of his motion to dismiss, Ms. Pruczinski moved to strike the hearsay report, and the motion to strike was granted. Therefore, we are without a factual basis to determine whether Trooper Ashby's arrest of Ms. Pruczinski was lawful under Washington law.

We do not foreclose Trooper Ashby from raising the issue of comity below with an appropriate record. However, comity, being a discretionary doctrine, should not be exercised in such a way to leave the plaintiff without a remedy. We note that the facts

13

giving rise to the complaint occurred more than four years ago. We encourage the trial

court to exercise its discretion in such a manner that would not cause Ms. Pruczinski's

claim to be time barred.

CONCLUSION

We reverse the trial court's order of dismissal, and remand for further proceedings

consistent with this opinion.

Lawrence-Berrey, J.

I CONCUR:

Siddoway, C.J.

No. 31977-6-III

BROWN, J. (dissenting) — In my view, the trial court correctly declined to assert Washington jurisdiction. Idaho State Trooper and Idaho resident Allen Ashby, while performing his law enforcement duties for Idaho State in a marked Idaho patrol car, pursued Idaho residents Kay Pruczinski (the driver) and Ricky Bell (her passenger) driving in an Idaho licensed car from Idaho into Washington State to resolve his suspicions of Idaho impaired driving. When Trooper Ashby stopped Ms. Pruczinski just inside Washington, she obstructed his investigation and was injured while resisting arrest. Idaho State will inevitably be drawn into this dispute as Trooper Ashby's employer. The trial court correctly reasoned, "Idaho is by far the fairer jurisdiction to answer [any] question of Idaho law and Idaho administrative determinations as to what is the scope of duty of an Idaho State Trooper." Report of Proceedings (RP) at 27-28.

While Trooper Ashby purposefully acted in Washington, the critical chain of events started in Idaho; and, assuming jurisdiction in Washington offends traditional notions of fair play and substantial justice. *In re Marriage of Yocum*, 73 Wn. App. 699, 703, 870 P.2d 1033 (1994) (quoting *Tyee Constr. Co. v. Dulien Steel Prods., Inc.*, 62 Wn.2d 106, 115-16, 381 P.2d 245 (1963)). Trooper Ashby did not direct his actions at

Washington State when he pursued Ms. Pruczinski into Washington to investigate her impaired driving in Idaho. The convenience of the parties and witnesses is certainly in Idaho. Finally, Washington, like Idaho, has an equal interest in protecting its citizens from impaired drivers. In the end, the trial court granted Trooper Ashby's CR 12(b)(2) dismissal motion for lack of personal jurisdiction, clearly doing so as a matter of comity and fundamental fairness.

I would affirm. Accordingly, I respectfully dissent.

Brown, J.

2