# FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

**MAY 0 5 2016**

DATE

~~Madsen, C.J.~~

CHIEF JUSTICE

This opinion was filed for record
at 8:00am on May 5, 2016

Acting Clerk

**Supreme Court Clerk**

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| KAY L. PRUCZINSKI, a single person, and RICKY BELL, a single person, | ) ) ) | No. 91466-4 |
| Respondents, | ) ) | |
| v. | ) ) | En Banc |
| ALLEN ASHBY and JENNIFER ASHBY, husband and wife, and the marital community comprised thereof, | ) ) ) ) | |
| Petitioners. | ) ) ) ) | Filed: **MAY 0 5 2016** |

MADSEN, C.J.—This case arises out of the alleged tortious conduct of an Idaho

state trooper against an Idaho citizen during a traffic stop in which pursuit began in

Idaho, but ended in Washington. We must determine whether, under these facts, a trial

court may exercise subject matter jurisdiction and personal jurisdiction under our long-

arm statute, RCW 4.28.185. Based on the facts before us, we hold that the trial court has

subject matter jurisdiction, but that personal jurisdiction lies in either Idaho or

Washington, and therefore we remand to the trial court to consider whether to dismiss

this case on comity grounds.

FACTS

On April 30, 2010, Officer Allen Ashby, an Idaho state trooper, was on duty travelling west on Interstate 90 in a marked Idaho state patrol car near the Idaho-Washington border. He spotted a car with Idaho plates driving erratically through a construction zone near milepost two on the Idaho side of the border.[1] Suspicious that the driver, Kay Pruczinski, may have been intoxicated, Ashby followed the car into Washington, where it exited the freeway at the first exit, milepost 299, without using a turn signal. Exit 299 provides access to roads on both sides of the border, including North Idaho Road, which proceeds south, straddling the Washington-Idaho border. Pruczinski turned south on North Idaho Road, heading back towards Idaho. Following Pruczinski south along North Idaho Road, Ashby observed her drifting over the fog line and the double yellow lines. After the car exceeded the posted speed limit by nine miles per hour, Ashby activated his lights and initiated a traffic stop. The car came to a stop at 3107 North Idaho Road. Ashby concedes for purposes of the motion to dismiss that he was a few feet inside Washington at the time of the stop.[2] There were no signs indicating

---

[1] The trial court specifically did not consider the police report, the "dashcam" video of the arrest, or Pruczinski's affidavit. Therefore, the facts surrounding the initiation of the pursuit and the events leading up to the arrest and alleged tortious acts are contested. What is uncontested for purposes of the motion to dismiss—and what is relevant to a personal jurisdiction analysis—is that all parties are Idaho residents, Ashby was an on-duty Idaho state patrol officer in a marked patrol car, and the traffic stop and alleged tortious acts of Ashby occurred in Washington.

[2] According to a surveyor retained by Pruczinski, using GPS (global positioning system) technology, the traffic stop occurred 15.8 feet inside the Washington border. The trial court did not consider the surveyor's report when ruling on the motion to dismiss. Due to Ashby's concession that he was in Washington, the exact location of the stop is unnecessary for purposes of this motion.

one way or another whether Pruczinski and Ashby were in Washington or Idaho, and Ashby believed he was in Idaho.

When Ashby approached the vehicle, Pruczinski refused to roll down her window more than an inch or step out of the vehicle, requesting a female officer. The stop escalated to the point where Ashby broke the driver's window, unlocked and opened the door, pulled Pruczinski out of the car, and arrested her for obstruction.

On April 26, 2012, nearly two years from the date of the traffic stop, Pruczinski and Ricky Bell, the passenger and owner of the vehicle, sued Ashby in Spokane County Superior Court for personal injury and property damages, alleging that Ashby, acting as a private citizen in Washington, committed several common law torts, including negligent infliction of emotional distress, assault, battery, unlawful imprisonment, tortious injury to personal property, and loss of consortium.

Ashby moved to dismiss for lack of subject matter and personal jurisdiction and, alternatively, on the basis of comity principles. He conceded that the incident took place in Washington solely for the purposes of deciding the motion, but still generally disputes that it took place in Washington. The trial court granted Ashby's motion to dismiss, solely under CR 12(b)(2), for lack of personal jurisdiction. Specifically, the court reasoned:

> And because we do have Idaho residents, because we do have a question of Idaho law and not only Idaho law but Idaho administrative determinations as to what is the scope of duty of an Idaho State Trooper in the Idaho State Patrol, it would not be fair for Washington to exercise personal jurisdiction over this individual.

> This is all state line type of circumstances that, quite frankly, absent this question of scope of employment, would be more likely to be assumable, jurisdictionally assumable, in either state.
>
> However, because of this clear question that stands in the way of determining whether an individual in this set of circumstances can be held personally liable, Idaho is by far the fairer jurisdiction to answer those questions.
>
> For that reason, I am granting the motion to dismiss solely under [CR] 12(b)(2), personal jurisdiction, over Ashby.

Reporter's Tr. on Appeal at 27-28.

The Court of Appeals reversed, holding that the trial court had personal and subject matter jurisdiction, but remanded for further development of the factual record in order to determine whether the case should be dismissed on comity grounds. *Pruczinski v. Ashby*, 185 Wn. App. 876, 889, 343 P.3d 382 (2015). However, the Court of Appeals "encourage[d] the trial court to exercise its discretion in such a manner that would not cause Ms. Pruczinski's claim to be time barred."[3] *Id.*

Ashby appealed, and this court granted review. 183 Wn.2d 1025, 355 P.3d 1154 (2015). At issue is (1) whether the trial court has subject matter jurisdiction, (2) whether the trial court has personal jurisdiction over Ashby through Washington's long arm statute, RCW 4.28.125, and (3) whether, even if the court has subject matter and personal jurisdiction, Washington should decline jurisdiction based on considerations of comity.

---

[3] Under Idaho Code §§ 6-905, 6-908, and 6-909 to 6-911, in order to maintain a suit against a governmental employee, the plaintiff must file a claim with the governmental agency within 180 days of the incident giving rise to the claim. The agency then has 90 days to approve or reject the claim. If rejected, the plaintiff must commence suit within two years of the incident. Pruczinski did not file a claim or lawsuit in Idaho, and as such, if Washington declines jurisdiction, her claim would be time barred. The Court of Appeals' direction to the trial court to decide comity so as to not preclude Pruczinski's suit therefore eliminated the trial court's discretion.

DISCUSSION

I. Standard of Review

When, as here, the facts relevant to jurisdiction are undisputed, we review a trial court's assertion or declination of personal jurisdiction de novo. *Lewis v. Bours*, 119 Wn.2d 667, 669, 835 P.2d 221 (1992). Similarly, subject matter jurisdiction is a question of law reviewed de novo. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003).

II. Subject Matter Jurisdiction

The parties dispute whether or not the trial court has subject matter jurisdiction to hear this case. To analyze whether a Washington court has subject matter jurisdiction, we focus on the "type of controversy." *Marley v. Dep't of Labor &Indus.*, 125 Wn.2d 533, 542-43, 886 P.2d 189 (1994). If an action is within the category of controversies a court has the authority to decide, subject matter jurisdiction is appropriate. *Dougherty*, 150 Wn.2d at 317. Washington superior courts unquestionably have subject matter jurisdiction over tort actions. *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818 (2011). This being a tort action, the trial court has subject matter jurisdiction.

Ashby contends that Idaho courts have exclusive jurisdiction over tort actions against Idaho state employees. He cites Idaho Code (I.C.) section 6-914 to support his proposition, which states that "[t]he district court shall have jurisdiction over any actions brought under this act." This argument is unpersuasive. Nowhere in the statute does it

vest Idaho with exclusive jurisdiction or vest Idaho with exclusive jurisdiction over tort actions committed in another state.[4] We hold that the Spokane County Superior Court has subject matter jurisdiction over an alleged tort committed in Washington by an Idaho employee.

### III. Personal Jurisdiction

This court determines personal jurisdiction case by case. *Failla v. FixtureOne Corp.*, 181 Wn.2d 642, 649, 336 P.3d 1112 (2014). Washington courts may "assert personal jurisdiction over nonresident defendants to the extent permitted by the federal due process clause." *Id.* (citing *Shute v. Carnival Cruise Lines*, 113 Wn.2d 763, 766-67, 783 P.2d 78 (1989); U.S. CONST. amend. XIV, § 1). The federal due process clause is not violated if the nonresident defendant has sufficient minimum contacts with that state such that it does not offend traditional notions of fair play and substantial justice. *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014). Central to that inquiry is the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

In addition to satisfying constitutional due process requirements, our long-arm statute, RCW 4.28.125, must also be satisfied. *In re Marriage of Yocum*, 73 Wn. App. 699, 702, 870 P.2d 1033 (1994). Our long-arm statute is coextensive with federal due process law and subjects nonresident defendants to personal jurisdiction in Washington

---

[4] Furthermore, under *Restatement (Second) Conflict of Laws* § 91 (Am. Law Inst. 1971), "[a] State may entertain an action even though the state of the applicable law has provided that action on the particular claim shall not be brought outside its territory."

courts for certain conduct or transactions. *Failla*, 181 Wn.2d at 650. Relevant to this case, RCW 4.28.185 provides:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> . . . .
>
> (b) The commission of a tortious act within this state.

Pruczinski urges that application of subsection (1)(b) is sufficient to confer personal jurisdiction over Ashby. However, due process considerations also require the reviewing court to consider the relationship between the nonresident defendant, the forum state, and the litigation.[5] *Walden v. Fiore*, ___ U.S. ___, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). For a Washington court to exercise jurisdiction over Ashby consistent with due process, his "suit-related conduct must create a substantial connection" with this state. *Id.* "'[R]andom, fortuitous, or attenuated' contacts" with the state are insufficient to establish jurisdiction. *Id.* at 1123 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Id.*

---

[5] In a plurality opinion, the United States Supreme Court suggested that due process may be satisfied by physical presence alone. *Burnham v. Superior Court*, 495 U.S. 604, 610, 110 S. Ct. 2015, 109 L. Ed. 2d 631 (1990) ("Among the most firmly established principles of personal jurisdiction in American tradition is that courts of a State have jurisdiction over nonresidents who are physically present in the State."). However, the parties have not argued for this test, and we offer no opinion.

Here, the alleged injuries occurred in Washington or flowed directly from the traffic stop. *See Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 757, 757 P.2d 933 (1988). But neither Pruczinski nor Ashby was a Washington resident, and arguably Ashby did not know he was in Washington at the time of the traffic stop. Under the principles expressed in *Walden*, personal jurisdiction turns on whether Ashby's intentional conduct created a significant connection with Washington. In determining this, we consider "the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." *Tyee Constr. Co. v. Dulien Steel Prods., Inc.*, 62 Wn.2d 106, 116, 381 P.2d 245 (1963).

Here, Ashby argues that he followed a driver he suspected of being intoxicated from Idaho to exit 299, the first exit on Interstate 90 on the Washington side of the border. He continued to follow the car southeast, heading back toward Idaho, and then south on North Idaho Road, which straddles the border. Ashby initiated a traffic stop, and he concedes that the stop took place in Washington. During the traffic stop, he allegedly committed several torts. Ashby is alleged to have committed a tort in Washington and therefore could expect to be hauled into court in Washington for his actions. Although brief, the quality and nature of his actions weigh in favor of jurisdiction in Washington.

Next, we factor in the relative convenience of the parties. All of the parties and witnesses are Idaho residents. Ashby was on duty as an Idaho state trooper. Even though

Ashby is being sued in his individual capacity, Idaho law must be applied to determine whether Ashby acted within the scope of his duties. The Court of Appeals concluded that because Ashby lives in Coeur d'Alene, Idaho, close to the border, he would not be inconvenienced by having to litigate in a "'distant state.'" *Pruczinski*, 185 Wn. App. at 885 (quoting *Nixon v. Cohn*, 62 Wn.2d 987, 998, 385 P.2d 305 (1963)). While it is true that the parties would not have to litigate in a distant state, they and the witnesses would still have to litigate in a different state. The relative convenience of the parties would be to try the case in Idaho.

Next, we consider the basic protection of the laws of the forum state. Ashby argues that he would receive fewer procedural and substantive protections in Washington. In Idaho, a tort claim against an Idaho agency and its employee must be filed no later than 180 days after the claim accrues. I.C. § 6-905. The filing of a tort claim is a prerequisite to filing suit. I.C. § 6-908. If the state denies the claim, the claimant may file suit in the district court, which has jurisdiction over tort claims against government actors. I.C. §§ 6-910, 6-914. The statute of limitations for such actions is two years. I.C. § 6-911. Significantly, Idaho government agencies and employees are exempt from claims arising from certain intentional torts absent a showing of malice or criminal intent. I.C. § 6-904(3). There remains, however, the possibility that even were Washington to assume jurisdiction, Idaho law would still apply.

On the other hand, if jurisdiction is declined, Pruczinski may be without an alternative forum in which to file suit and, thus, without a remedy. She did not file a

claim under I.C. § 6-905, which would prevent her from suing a government official in Idaho, and the two year statute of limitations for personal injury suits has run, which would prevent her from suing Ashby in his individual capacity.[6] If Washington declines jurisdiction, it is likely that Pruczinski will not be able to bring this suit in Idaho. The availability of an alternative forum is important to the fair play and substantial justice analysis. *Grange*, 110 Wn.2d at 765. Its importance should be carefully weighed in consideration of the circumstances. The circumstances are that Pruczinski did not meet the prerequisite of filing a claim with the Idaho state troopers within 180 days of the incident, and instead chose to file suit in Washington prior to the two-year statute of limitations running in Idaho. If Idaho has jurisdiction, Pruczinski's suit will be time barred. If Washington retains jurisdiction, Pruczinski may still have an opportunity to bring suit.[7] All things being equal, fair play and substantial justice weighs in favor of finding that jurisdiction lies in Washington.

---

[6] Pruczinski claims that Ashby was acting outside the scope of his duties by arresting her in Washington.

[7] Although not at issue in this case, a brief discussion on choice of law is warranted. This court adopted the "most significant relationship rule" in a choice of law analysis. *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580, 555 P.2d 997 (1976); *see also Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 735 n.6, 254 P.3d 818 (2011) ("Our authorities hold that the location of the injury is not necessarily determinative. Instead, Washington adheres to the 'most significant relationship' test, as developed by the *Restatement (Second) of Conflict of Laws* § 6 (1971), in a choice of law analysis. . . . On remand the Court of Appeals will have to review the trial court's choice of law ruling, giving application to the *Restatement (Second) of Conflict of Laws* § 146 (1971) and the policy considerations discussed in *Johnson* . . . ."). It is possible that Idaho has the most significant relationship to this action, and Idaho law may apply. Thus, even if this court finds there is jurisdiction and the trial court does not dismiss this case on comity grounds, the application of Idaho law, specifically I.C. §§ 6-900 to 6-911 may well bar Pruczinski's suit. *See Banks v. Univ. of Idaho*, 118 Idaho 607, 608, 798 P.2d 452 (1990). On the other hand, if Ashby was acting outside the scope of his duties, Pruczinski's suit may be able to proceed against him in his individual capacity.

Finally, we weigh the basic equities of the situation. The Court of Appeals majority concluded that assuming jurisdiction did not offend traditional notions of fair play and substantial justice. *Pruczinski*, 185 Wn. App. at 885-86. Ashby contends that a review of the facts leads to a different conclusion. This was a traffic stop by an Idaho state trooper of an Idaho resident driving a car with Idaho plates. The pursuit began in Idaho, allegedly on suspicion of drunk driving, with an intent to protect Idaho citizens from drunk drivers. Although the pursuit crossed into Washington, it quickly headed back toward Idaho on to a road that straddles the border. Ashby did not know he was in Washington; Pruczinski did not claim she was in Washington at the time of the arrest; and no signs indicated that they were in Washington. Idaho and Washington law may both need to be applied to determine if Ashby was acting within the scope of his duties and, if so, whether he was acting with malice or criminal intent. As the dissent at the Court of Appeals pointed out, "Idaho State will inevitably be drawn into this dispute as Trooper Ashby's employer." *Id.* at 890 (Brown, J., dissenting). However, that Idaho will be drawn into this case is more relevant to a comity analysis. The basic equities of a situation concern the parties themselves, not potentially interested third parties.

Washington State's connection to this case is the fact that when Pruczinski pulled her car to the side of the road, she did so inside the Washington border. Ashby's concession that he was in Washington cannot be ignored; it is undisputed for purposes of his motion to dismiss that he was on Washington soil when the alleged tortious conduct took place. Were this a criminal case, Washington State would undoubtedly have

11

jurisdiction over the defendant. *See State v. Norman*, 145 Wn.2d 578, 598-99, 40 P.3d 1161 (2002) (holding that defendants apprehended north of the 49th parallel, yet south of the Canadian border, were subject to criminal jurisdiction in Washington); RCW 9A.04.030(1). Taking these considerations into account, the basic equities of this situation are balanced between either state assuming jurisdiction.

Ashby's arguments regarding the elements of fair play and substantial justice—while relevant—are more appropriately suited for a case in which an injury takes place within the state but the tortious act does not. In a case such as this one, Ashby's arguments are insufficient to overcome the fact that the alleged act and injury both took place on Washington soil. We cannot say that it offends traditional notions of fair play and substantial justice to exercise jurisdiction over an alleged tortfeasor when the tort and the injury occur in this state. Accordingly, we hold that either state has an interest in exercising jurisdiction.

## IV. Comity

"Comity allows a state to decline jurisdiction over another state." *Carrigan v. Cal. Horse Racing Bd.*, 60 Wn. App. 79, 85, 802 P.2d 813 (1990). "[T]he doctrine of comity is not a rule of law, but one of practice, convenience and expediency." *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 160, 744 P.2d 1032 (1987). It is within a court's discretion to invoke comity. *Id.* at 161. "'[C]omity is properly exercised when the assumption of jurisdiction would not promote cooperative efforts between states.'"

12

*Glover v. Alaska*, 142 Wn. App. 442, 447, 174 P.3d 1246 (2008) (quoting *Carrigan*, 60 Wn. App. at 85).

A question arises as to whether this court may decline jurisdiction on the basis of comity, as opposed to remanding it to the trial court to make that decision. Pruczinski argues that it is not appropriate for appellate courts to make comity rulings; this decision should be left solely to the trial court. We disagree. This court has made comity determinations in the first instance. *See, e.g.*, *In re Marriage of Kowalewski*, 163 Wn.2d 542, 552, 182 P.3d 959 (2008) ("Just as this court is not bound by a Polish decree affecting title to real property in Washington, the Polish courts are not bound by a Washington court's decree, although it may elect to do so as a matter of comity."); *Dep't of Game v. Puyallup Tribe, Inc.*, 86 Wn.2d 664, 669, 548 P.2d 1058 (1976) (declining to defer to the district court on the grounds of comity), *vacated on other grounds*, 433 U.S. 165, 97 S. Ct. 2616, 53 L. Ed. 2d 667 (1977); *In re Elliot*, 74 Wn.2d 600, 640, 446 P.2d 347 (1968) (declining, for reasons of comity, to answer a certified question from a federal court); *White v. Ray*, 65 Wn.2d 711, 722-24, 726, 399 P.2d 522 (1965) (declining to exercise jurisdiction over a habeas proceeding on comity grounds, even if concurrent jurisdiction were assumed). The same may be said of our Courts of Appeals. *See, e.g.*, *Olivine v. United Capitol Ins. Co.*, 122 Wn. App. 374, 381-82, 92 P.3d 273 (2004) (dismissing a case on comity grounds even though there was no comity ruling at the trial court); *Carrigan*, 60 Wn. App. at 85 ("Even if jurisdiction were properly exercised under RCW 4.28.185[(1)](a) or (b), principles of comity would still persuade us to reverse the

13

trial court."). Although a trial court's decision whether or not to exercise comity is subject to an abuse of discretion review, nothing in our case law stands for the proposition that only a trial court may determine whether or not to exercise comity. Comity is a doctrine of convenience and judicial economy; the discretion to exercise it is held by all Washington courts, depending on the circumstances of the case.

Here, the trial court declined to rule on the issue of comity and the Court of Appeals remanded for the development of the factual record necessary to make a comity determination. *Pruczinski*, 185 Wn. App. at 889. In analyzing the issue of comity, the Court of Appeals placed significant emphasis on the need to develop the facts regarding Ashby's authority to arrest Pruczinski, and whether that arrest was lawful. *Id.* at 887-89. The court referenced two Washington statutes that deal with an out-of-state officer's authority to arrest in Washington, chapter 10.93 RCW—the Washington Mutual Aid Peace Officers Powers Act of 1985, and chapter 10.89 RCW—the Uniform Act on Fresh Pursuit. *Id.* at 888. The court went on to find that under chapter 10.93 RCW, "there is no evidence whether Trooper Ashby was a fully commissioned peace officer in Idaho or whether he had the requisite training." *Id.* at 888. If Ashby were a "specially commissioned Washington peace officer," he would be able to "exercise any authority which the special commission vests in the officer" outside his jurisdiction when in "fresh pursuit"[8] or "acting pursuant to mutual law enforcement assistance agreement between

---

[8] The fact that "fresh pursuit" is used in RCW 10.93.090(1) does not impose the specially commissioned officer requirements of chapter 10.93 RCW onto chapter 10.89 RCW. Nowhere in chapter 10.89 RCW does it mention chapter 10.93 RCW or any type of specially

the primary commissioning agency and the agency with primary territorial jurisdiction." RCW 10.93.090.

Under our case law, it is unclear whether Officer Ashby would be a "specially commissioned Washington peace officer." *Compare State v. Barker*, 143 Wn.2d 915, 919, 25 P.3d 423 (2001) (finding that under RCW 10.93.020(5), a specially commissioned Washington peace officer need only be a "'full-time, fully compensated peace officer[] duly commissioned by the state[] of Oregon'" (alterations in original)), *with* RCW 10.93.020(5) (defining a "specially commissioned Washington peace officer" as one who is a *"specially commissioned* full-time, fully compensated peace officer[] duly commissioned by the states of Oregon or Idaho" (emphasis added)). The specific training requirements needed to deem someone "specially commissioned" are unclear. Developing the record will help determine if Ashby was a "specially commissioned Washington peace officer" under RCW 10.93.090.

Chapter 10.89 RCW, which is separate and distinct from chapter 10.93 RCW,[9] is a separate basis for extraterritorial authority and is also relevant to whether Ashby had the authority to pull over and arrest Pruczinski. RCW 10.89.010 provides that a peace officer

---

commissioned officer. Chapter 10.93 RCW grants significantly more authority to extrajurisdictional officers, which would account for its heightened officer requirements.

[9] This court's analysis in *Barker* demonstrates the separateness of chapters 10.93 and 10.89 RCW. In *Barker*, the State did not challenge the Court of Appeals holding that the Oregon officer did not have authority under chapter 10.93 RCW to arrest the driver in Washington, and this court did not address it. 143 Wn.2d at 920. However, we did note that the officer would have had authority under chapter 10.89 RCW had it been enacted prior to the arrest. *Id.* at 920 n.1 ("officers from other jurisdictions are now clearly authorized to pursue persons into this state when they are believed to have committed certain offenses, including driving while under the influence of intoxicants and reckless driving" (citing LAWS OF 1998, ch. 205, § 1)).

15

of another state who enters Washington in fresh pursuit of a person believed to be driving under the influence will have the same authority to arrest and hold the person in custody as a peace officer of Washington. Here, it is undisputed that Ashby was an Idaho state trooper and therefore a "member of a duly organized state, county or municipal peace unit of another state." RCW 10.89.010. As such, he had authority to pursue Pruczinski into Washington upon suspicion that she was driving under the influence and to arrest her. However, a development of the record would be helpful to determine when, exactly, he suspected her of drunk driving and whether this suspicion was reasonable. Furthermore, under RCW 10.89.020, when an arrest is made under RCW 10.89.010, the arresting officer must take the suspect before a magistrate in the county of the arrest—here, Spokane County—so that the magistrate may determine the lawfulness of the arrest. Ashby did not do this. On remand, the trial court will need to consider whether this speaks more to the fact that he believed he was in Idaho or that he made an unlawful arrest. Additionally, because evidence surrounding the pursuit and arrest were struck by the trial court—such as Ashby's police report—the record should be developed in order to determine whether Ashby had authority to arrest Pruczinski under RCW 10.31.100.

Finally, Pruczinski's complaint alleges that Ashby was acting beyond the scope of his duties due to his alleged tortious conduct during the traffic stop. If Officer Ashby was improperly exercising extrajurisdictional authority, or behaving in a manner so unbecoming an Idaho state trooper that it cannot be said he was acting within the scope of his employment, then there are no comity concerns. This is a determination typically

made by the trial court. We therefore remand to the trial court to determine—in light of these and other relevant considerations—whether this case should be dismissed on comity grounds.[10]

## CONCLUSION

Traditional notions of fair play and substantial justice support jurisdiction over Ashby in either Idaho or Washington courts. Accordingly, whether the trial court should decline jurisdiction depends on comity considerations. We remand to the trial court to make that determination. The Court of Appeals is affirmed.

---

[10] The Court of Appeals instruction that the "trial court exercise its discretion [when making a comity determination] in such a manner that would not cause Ms. Pruczinski's claim to be time barred" was improper, and we reverse that instruction. *Pruczinski*, 185 Wn. App. at 889.

No. 91466-4

_Madsen, C.J._

WE CONCUR:

_Johnson, J._      _Wiggins, J._

_Owens, J._      _González, J._

_Stephens, J._      _Gordon McCloud, J._

_Fairhurst, J._      _Yu, J._

18