# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

|  |  |
|---|---|
| In the Matter of<br>the Personal Restraint of<br><br>CLABON TERREL BERNIARD,<br><br>                      Petitioner. | No. 51858-9-II<br><br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, P.J. — Clabon Berniard seeks relief from personal restraint imposed following his 2015 convictions for one count of first degree murder, two counts of first degree robbery, two counts of second degree assault, and one count of first degree burglary.[1] First, he argues that the State failed to present sufficient evidence because there was no evidence linking him to the crime. "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Charlene Sanders identified Berniard as the person who broke into her home and put a gun to her head. As discussed below, this identification was properly admitted, thus the evidence against Berniard is sufficient.

---

[1] This court issued the mandate of Berniard's direct appeal on May 10, 2017, making his May 8, 2018 petition timely filed. RCW 10.73.090(3)(b).

Second, Berniard argues that the trial court erred in allowing Sanders's identification of him because it was impermissibly suggestive. Berniard contends that Sanders heard his voice from a tape made by a television news crew in the past. But the police did not provide Sanders with the tape, so the identification was not impermissibly suggestive. *State v. Knight*, 46 Wn. App. 57, 59, 729 P.2d 645 (1986).

Third, Berniard argues that his trial counsel was ineffective in (1) not further cross-examining Lacey Berniard about a conversation she overheard between Berniard and Diane Berniard and (2) not examining Diane Berniard about the conversation Lacey Berniard claimed to have overheard. To establish ineffective assistance of counsel, Berniard must show both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume that counsel's performance was not deficient. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). Further cross-examination of Lacey Berniard regarding the overheard conversation would have been counter-productive to his position that the conversation never occurred. And examining Diane Berniard about Lacey Berniard not being a credible person, rather than asking her more questions about a conversation that Berniard claimed never happened, was a strategic decision that does not constitute deficient performance. *State v. Garrett*, 124 Wn.2d 504, 520, 881 P.2d 185 (1994). Berniard does not demonstrate ineffective assistance of counsel.

Fourth, Berniard argues that his second degree assault convictions (counts III and V) should have been merged into the first degree robbery convictions (counts II and IV). But as to each victim, in addition to committing robbery by means of assault, Berniard committed an additional assault after having robbed them. Thus, the assaults do not merge with the robberies. *State v. Freeman*, 153 Wn.2d 765, 778, 108 P.3d 753 (2005).

Fifth, Berniard argues that because the first degree burglary could have been committed either by being armed with a deadly weapon or by assaulting a person, the trial court erred in not giving a *Petrich*[2] instruction that the jurors must unanimously agree as to which of the alternative means he used to commit the burglaries. But where, as here, the State presented sufficient evidence to support a finding that either Berniard was armed with a deadly weapon or assaulted a person during the commission of the burglary, the trial court need not instruct the jury that it needed to be unanimous as to which of the alternative means of committing the burglary Berniard had committed. *State v. Ortega-Martinez*, 124 Wn.2d 702, 707-08, 881 P.2d 231 (1994).

Sixth, Berniard argues that the trial court erred in instructing the jury on first degree robbery because it did not include in the to-convict instructions that the victim had an ownership, representative, or possessory interest in the stolen property. He relies on *State v. Richie*, 191 Wn. App. 916, 365 P.3d 770 (2015). But *Richie* was overruled in *State v. Nelson*, 191 Wn.2d 61, 419 P.3d 410 (2018).

---

[2] *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984).

No. 51858-9-II

Berniard fails to demonstrate unlawful restraint. Therefore, we dismiss his petition.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, P.J.

We concur:

MELNICK, J.

SUTTON, J.

---

[3] We also deny his request for appointment of counsel.

4