# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>LARISA JEAN DIETZ,<br><br>Appellant. | No. 56189-1-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. — Larisa Dietz appeals her conviction for attempted murder in the second degree and assault in the first degree. Dietz argues that the jury instructions failed to include the requisite mental state that the jury must consider in determining culpability. Dietz contends that this relieved the State of its obligation to prove every essential element of the crime.

We hold that the doctrine of invited error prevents Dietz from appealing the jury instruction because Dietz was the one who proposed the instruction language she now complains of. Accordingly, we affirm.

## FACTS

On October 8, 2019, Larisa Dietz was visiting with Ricky McGowan in the Sunbelt Apartments where they both resided. Neighbors called 911 after hearing McGowan call for help. Firefighters and paramedics were dispatched to the scene, some of whom were familiar with McGowan because they had previously responded to help him for falling out of his wheelchair and cardiac issues. Upon entering the apartment, the first responders found Dietz with her right arm around McGowan's neck and her left hand reaching into his mouth. As the paramedics approached

Dietz and McGowan, Dietz began grabbing at McGowan's throat while yelling, "'I am the victim.'" Clerk's Papers (CP) at 188. The paramedics grabbed Dietz by the arms and pinned her to the ground. The paramedics found that McGowan had numerous lacerations on his neck, and police officers collected a two-inch knife covered in blood from within Dietz's reach. Dietz did not appear to have any injuries. Dietz only has sporadic memories of what occurred that day.

The State charged Dietz with attempted murder in the second degree and assault in the first degree, along with a deadly weapon enhancement and vulnerable victim aggravating factor for each count. A competency evaluation found Dietz competent to stand trial. Two psychologists testified to her diminished capacity. They agreed that Dietz had several mental health diagnoses, including borderline personality disorder, substance abuse disorder, and post-traumatic stress disorder. However, the experts disagreed as to whether she had the capacity to form the requisite intent to commit the charged crimes.

The defense proposed a diminished capacity jury instruction that read:

Evidence of mental illness or disorder may be taken into consideration in determining whether the defendant had the *ability* to form the *intent to commit the crimes of attempted murder in the second degree, assault in the first degree, assault in the second degree, or assault in the third degree*.

CP at 43 (emphasis added). Defense counsel referenced Washington Pattern Jury Instructions: Criminal 18.20 as the source of the proposed instruction. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 18.20, at 315 (5th ed. 2021) (WPIC). WPIC 18.20 reads: "Evidence of mental illness or disorder may be taken into consideration in determining whether the defendant had the [capacity] [ability] to form (fill in requisite mental state)."

After discussions between the parties, the court agreed to give Dietz's version of the instruction with only slight modifications. The diminished capacity instruction ultimately given

to the jury (hereinafter instruction 26) states: "Evidence of mental illness or disorder may be taken into consideration in determining whether the defendant had the *capacity* to form the intent to commit the crimes of attempted murder in the second degree and assault in the first degree or assault in the second degree." CP at 686 (emphasis added).

The jury found Dietz guilty as charged. Dietz appeals.

ANALYSIS

I. INVITED ERROR

Dietz argues that she received an unfair trial because the diminished capacity jury instruction failed to include the specific intent that the State was required to prove, thereby relieving the State of its burden to prove every element of the charged crimes. The State argues that the doctrine of invited error bars review of Dietz's claim that the diminished capacity instruction was erroneous, because Dietz proposed the language that was ultimately given to the jury. We agree with the State.

A.    Legal Principles

We review de novo alleged errors of law in jury instructions. *State v. Nelson*, 191 Wn.2d 61, 69, 419 P.3d 410 (2018). A jury instruction is erroneous if it omits or misstates the law thereby relieving the State of its burden to prove every element of the crime charged. *Id.* Under the invited error doctrine, even where constitutional rights are involved, an appellate court is precluded from reviewing jury instructions when the defendant has proposed the instruction. *State v. Weaver*, 198 Wn.2d 459, 465, 496 P.3d 1183 (2021); *see also State v. Bradley*, 141 Wn.2d 731, 736, 10 P.3d 358 (2000). When a defendant proposes an instruction that is identical to the instruction the trial court gives, the invited error doctrine bars us from reversing the conviction because of an error in that jury instruction. *State v. Summers*, 107 Wn. App. 373, 381, 28 P.3d 780 (2001). A party may

not request an instruction and later complain on appeal that the requested instruction was given. *State v. Henderson*, 114 Wn.2d 867, 870, 792 P.2d 514 (1990). Even if error was committed, of whatever kind, if it was at the defendant's invitation the defendant is precluded from claiming on appeal that it is reversible error. *State v. Studd*, 137 Wn.2d 533, 546, 973 P.2d 1049 (1999). "This holds true even if the defendant merely requests a standard [WPIC] approved by the courts." *Summers*, 107 Wn. App. at 381. Invited error is a "strict rule" to be applied whenever the defendant's actions, at least in part, cause the error. *Id.* at 381-82.

> B.     The Doctrine of Invited Error Bars Review of Dietz's Claim that the Diminished Capacity Instruction was Erroneous

In this case, Dietz proposed the challenged diminished capacity instruction that was given to the jury, which she now takes issue with on appeal. Dietz argues that the trial was unfair because the diminished capacity jury instruction failed to include "specific intent," which in turn relieved the State of its burden to prove every element of the charged crimes. Br. of Appellant at 6-7.

The instruction given to the jury is based on WPIC 18.20, which reads as follows: "[e]vidence of mental illness or disorder may be taken into consideration in determining whether the defendant had the [capacity] [ability] to form (fill in requisite mental state)."

Dietz's proposed instruction selected "ability" from the bracketed options available in WPIC 18.20 and filled in the requisite mental state as "*the intent to commit the crimes of attempted murder in the first degree, assault in the first degree, assault in the second degree or assault in the third degree.*" CP at 43.

The trial court in turn gave instruction 26, wherein it opted for "capacity" instead of "ability" (one of the two options in the WPIC instruction) and used Dietz's proposed mental state language, albeit without the commas, and with an added "and": "*the intent to commit the crimes*

*of attempted murder in the first degree and assault in the first degree or assault in the third degree.*" CP at 686.

As is evident, the language Dietz complains of on appeal is the exact language she proposed be added to the instruction. Dietz at least in part caused the error she now complains of on appeal, as she proposed the language. We conclude that the invited error doctrine precludes Dietz from now claiming this error before us. Accordingly, her argument fails.

Dietz makes no argument regarding the other minor differences in the instruction, so we do not address them. Additionally, Dietz asserts that the error was not harmless, but because we concluded above that she is precluded from claiming the error she invited on appeal, we do not need to reach harmless error. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Lee, P.J.

_____
Price, J.